UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NANCY CHAPMAN, INDIVIDUALLY AND ON BEHALF OF A CLASS OF THOSE SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>BOK FINANCIAL CORPORATION,<br><br>Defendant. | Case No. 12-CV-613-GKF-PJC |

**COMPLAINT**

For her Collective Action Complaint against Defendant BOK Financial Corporation, Plaintiff hereby alleges:

**NATURE OF THE ACTION**

1. This case is brought on behalf of loan officers employed by Defendant, including but not limited to mortgage loan originators.

2. BOK Financial owns and operates numerous banking divisions that originate loans for it, including Bank of Oklahoma, Bank of Texas, Bank of Kansas City, Bank of Albuquerque, Bank of Arizona, Bank of Arkansas, and Colorado State Bank and Trust.

3. Loan officers for all of the BOK Financial divisions were not paid for all of the overtime hours they worked even though they are non-exempt employees who worked significant overtime.

4. This action is brought as a nationwide collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA").

**JURISDICTION & VENUE**

5. This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. § 216(b)

and 28 U.S.C. §§ 1331 and 1337. BOK Financial Corporation has its principal place of business in Tulsa, Oklahoma.

6. BOK Financial Corporation has its corporate headquarters in Tulsa, Oklahoma and has contacts sufficient to subject them to personal jurisdiction within this district.

7. The decisions and conduct giving rise to Plaintiffs' claims occurred in and/or emanated from Oklahoma.

8. Venue is proper in this district under 28 U.S.C. §§ 1391 (b) and (c).

## PARTIES AND FACTUAL ALLEGATIONS

9. Plaintiff Chapman is a Texas resident, and brings her claims on behalf of herself and the Nationwide class.

10. Plaintiff was employed by Defendant through its Bank of Texas division as a loan officer.

11. Plaintiff worked overtime hours for which she was not paid.

12. BOK Financial Corporation is a publicly traded $26 billion regional financial services company based in Tulsa, Oklahoma.

13. Defendant and its division affiliates call their loan officers "mortgage loan originators" among other titles. All loan officers are responsible for selling mortgage loans and related products for Defendant.

14. All loan officers employed by Defendant have the same basic job duties and share virtually identical job descriptions.

15. The primary duty of all loan officers is to sell mortgage loan products.

16. In performing their sales duties, loan officers spend virtually all of their working time in an office environment and not in their customers' homes or places of business.

17. The primary tools employed by loan officers to perform their sales function is the telephone and computer.

18. Loan officers also spend considerable time and energy engaged in the clerical tasks associated with loan processing.

19. The job responsibilities of loan officers have not materially changed over the last three years.

20. Loan officers work under the same basic compensation policy and plan.

21. Until sometime in 2011, loan officers were classified by Defendant as "exempt" from the overtime requirements of the FLSA and were not required to keep track of the hours they work.

22. In 2011, Defendant reclassified loan officers as non-exempt, but continued to treat loan officers as ineligible for overtime.

23. During both time periods, loan officers routinely worked well in excess of 40 hours per week.

24. Loan officers were not compensated for their substantial overtime hours worked.

25. BOK Financial Corporation is an enterprise engaged in interstate commerce and is a covered entity under the FLSA. Its divisions, including Bank of Texas, were joint employers of Plaintiff and similarly situated loan officers.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff reasserts and re-alleges the allegations set forth in the proceeding paragraphs.

27. Plaintiff brings the FLSA claims as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following class of similarly situated people:

all persons who worked as loan officers for Defendant at any time between October 29, 2009 and the present.

28. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practice of failing to accurately record all hours worked and failing to pay loan officers for all overtime hours worked.

29. The class of employees on behalf of whom Plaintiff brings this "opt-in" collective action is similarly situated because those employees have been or are employed in the same or similar position as Plaintiff and were subject to the same or similar unlawful practices as Plaintiff. The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendant, and potential Plaintiffs may easily and quickly be notified of the pendency of this action.

## CAUSE OF ACTION

(FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE
FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201, ET SEQ.)

Plaintiff, individually and on behalf of all similarly situated loan officers, against Defendant states as follows:

30. Plaintiff hereby restates, re-alleges, and incorporates by reference herein the paragraphs stated above in this Complaint as though fully set forth herein.

31. Pursuant to the FLSA, a person may bring an action directly against his or her employer to recover unpaid wages without first filing a claim with the Department of Labor.

32. Defendant was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

33. Pursuant to the FLSA, employees must be compensated for any and all overtime hours worked.

34. Defendant intentionally, willfully, and improperly designated the position of loan officer as exempt from the requirement to be paid overtime wages in order to avoid the payment of overtime wages and other benefits, in violation of the FLSA.

35. During the course of employment for Defendant, Plaintiff routinely worked in excess of forty hours per week.

36. Defendant suffered or permitted its loan officers to work in excess of forty hours per week.

37. Defendant did not pay Plaintiff at a rate of one and one-half times her respective regular rate of pay for all hours worked in excess of forty hours per week.

38. Defendant also failed to keep accurate records of the time its loan officers worked.

39. Plaintiff and all loan officers were not exempt from the requirement to be paid overtime wages at all times relevant herein.

40. These practices violate the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et. seq. specifically § 207(a)(1). As a result of these unlawful practices, Plaintiff and the similarly situated employees suffered a loss of wages.

41. Plaintiff and all similarly situated employees are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all loan officers.

42. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of the initial complaint in this case, plus periods of tolling, because Defendant acted willfully and knew or

showed reckless disregard for the matter of whether its conduct was prohibited by § 6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 255(a).

43. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to § 16(b) of the FLSA. Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

44. As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff for which Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant, and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by § 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief the Court deems fair and equitable.

DATED:    November 1, 2012

**SNEED LANG HERROLD PC**

*/s/Mark A. Waller*
Mark A. Waller, OBA #14831
1700 Williams Center Tower I
One West Third Street
Tulsa, Oklahoma  7410303522
Telephone:   (918) 588-1313
Facsimile:    (918) 588-1314
mwaller@sneedlangherrold.com

and

George A. Hanson (*pro hac vice forthcoming*)
Jack D. McInnes (*pro hac vice forthcoming*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:    (816) 714-7100
Facsimile:    (816) 714-7101
hanson@stuevesiegel.com
dirks@stuevesiegel.com

and

Rowdy B. Meeks, Esq. (*pro hac vice forthcoming*)
**ROWDY MEEKS LEGAL GROUP LLC**
435 Nichols Rd., Suite 200
Kansas City, Missouri 64112
Telephone:    (816) 977-2741
Facsimile:    (816) 875-5069
Rowdy.Meeks@rmlegalgroup.com

**Attorneys for Plaintiff**