**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| NANCY CHAPMAN, *individually and on behalf of a class of those similarly situated*, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12-CV-613-GKF-PJC ) |
| BOK FINANCIAL CORPORATION, and BOKF, NA, | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is the Motion for Partial Summary Judgment Against Both Defendants [Dkt. # 66] filed by plaintiff Nancy Chapman ("Chapman"), individually and on behalf of a class, and the Motion for Partial Summary Adjudication of Plaintiffs' Misclassification Claim and Part of the Plaintiffs' DFW "Off the Clock" Claim [Dkt. # 68] filed by defendants BOK Financial Corporation and BOKF, NA (collectively, "BOK").

On April 30, 2013, the Court conditionally certified collective actions for plaintiffs' misclassification claim, wherein plaintiffs allege BOK misclassified loan officers as exempt under the Fair Labor Standards Act ("FLSA") after April 30, 2010 and before January 1, 2011; and plaintiffs' Dallas/Ft. Worth ("DFW") "off the clock" claim wherein plaintiffs allege that BOK instructed DFW loan officers to not report overtime hours.

In their Motion for Partial Summary Judgment Against Both Defendants, plaintiffs seek partial summary judgment on three of defendants' affirmative defenses to plaintiffs' misclassification claim (the outside sales, administrative, and highly compensated employee exemptions).

In their Motion for Partial Summary Adjudication of Plaintiffs' Misclassification Claim and Part of the Plaintiffs' DFW "Off the Clock" Claim, defendants contend they are entitled to partial summary judgment because plaintiffs' misclassification claim is time-barred, and because a portion of the "off the clock" claims brought by plaintiffs Allen and Cordova are for months occurring more than two years prior to the filing of their consents to join. In response, plaintiffs argue that the standard two-year statute of limitations does not apply because BOK willfully violated the FLSA, thus a three-year statute of limitations applies.

I.      **Undisputed Material Facts**

On March 24, 2010, the Department of Labor ("DOL") issued an "Administrator's Interpretation," in which DOL withdrew a 2006 Opinion Letter wherein it had concluded on the facts presented "that mortgage loan officers with archetypal job duties fell within the administrative exemption [to the overtime requirements of the FLSA]."[1] The 2010 Administrator's Interpretation declared that "employees who perform the typical job duties" of the hypothetical mortgage loan officer "do not qualify as bona fide administrative employees."

Following the 2010 Administrator's Interpretation, BOK addressed the issues involved in determining whether its mortgage loan officers should be reclassified. In addressing those issues, BOK (i) consulted outside resources, including banking trade organizations;[2] (ii) had

---

[1] *See Mortgage Bankers Assoc. v. Harris*, 720 F.3d 966, 968 (D.C. Cir. 2013). On July 2, 2013, the D.C. Circuit held that DOL could not revise the 2006 Opinion Letter without conducting the required notice and comment rulemaking. The circuit reversed the district court's order denying the Mortgage Bankers Association's Motion for Summary Judgment and remanded with instructions to vacate the DOL's 2010 Administrator's Interpretation. *Id.* at 972. Last month, the Supreme Court granted two petitions for writ of certiorari in the case. *See Perez v. Mortgage Bankers Assoc.*, 2014 WL 833886 (June 16, 2014); *Nickols v. Mortgage Bankers Assoc.*, 2014 WL 834024 (June 16, 2014).

[2] BOK invoked the attorney-client privilege during discovery and concedes it does not rely on advice of counsel in its defense. [Dkt. # 69-1, p. 42:6-25]. *See Williams v. Sprint/United Mgmt. Co.*, 464 F. Supp. 2d 1100, 1107 (D. Kan 2006). Thus, "outside resources" in this case do not include advice of counsel.

employees attend seminars (including a conference conducted by the American Mortgage Association) concerning FLSA coverage after the 2010 Administrator's Interpretation; (iii) evaluated possible exemptions remaining for mortgage loan officers, including the outside sales, highly compensated, executive, and administrative exemptions; and (iv) surveyed peer banks on their reactions to and evaluations of the 2010 Administrator's Interpretation and the peer banks' treatment of mortgage loan officers.

BOK's initial determination following the 2010 Administrator's Interpretation was that its mortgage loan officers would still fall under one or more exemptions depending on the nature of a particular mortgage loan officer's work. BOK later reconsidered its position. One of the items BOK considered was an email sent on October 5, 2010, by Rod Alba ("Alba"), the vice president of the American Bankers Association ("ABA") to Jeff Harjo ("Harjo"), BOK's senior vice president, chief auditor, and member of the BOK team responsible for the reclassification of loan originators. Attached to the email was a memorandum prepared by Patton Boggs, a law firm engaged by the ABA, entitled "Overtime Status of Mortgage Loan Officers Under FLSA." The memorandum noted that exemption determinations under the FLSA are based on the duties and responsibility of each specific position, discussed differing treatment under the FLSA for employees with the same title, and discussed the ways in which loan officers might retain their exempt status (including the administrative exemption, the outside sales exemption, the executive exemption, and the highly compensated exemption). Harjo reviewed the memorandum and considered it in evaluating the reclassification of loan originators.

In late 2010, BOK decided to reclassify its mortgage loan officers as non-exempt employees effective January 1, 2011. BOK did not pay overtime compensation from March 24, 2010 through January 1, 2011.

There are fourteen (14) opt-in plaintiffs to the misclassification claim. There are five (5) remaining plaintiffs to the DFW "off the clock" claim.

The earliest consents to join as a party plaintiff were filed on January 25, 2013, more than two years, but less than three years after January 1, 2011.

Two of the plaintiffs in the DFW "off the clock" claim are Richard Allen and Anthony Cordova. Allen was employed by BOKF, NA d/b/a Bank of Texas as a mortgage banker from February 4, 2002 through March 5, 2013. He filed his consent to join on June 18, 2013. Cordova was employed by BOKF, NA d/b/a Bank of Texas as a mortgage banker from February 25, 2010 until November 18, 2013. He filed his consent to join on August 13, 2013.

## II. Standard of Review

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court must examine the factual record in the light most favorable to the party opposing summary judgment. *Wolf v. Prudential Ins. Co. of Am.*, 50 F.3d 793, 796 (10th Cir. 1995). "However, the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The mere existence of an alleged factual dispute does not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In essence, the inquiry for the court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

## III. Discussion

BOK moves for summary judgment in its favor on all misclassification claims and as to Allen and Cordova's "off the clock" claims to the extent those claims extend beyond two years prior to the filing of their respective consents to join.

Claims arising under FLSA must be commenced within two years after the cause of action accrued, "and every such action shall be forever barred unless commenced within two years after the cause of action accured, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). Title 29 U.S.C. § 256 controls when a FLSA action is commenced:

> In determining when an action is commenced for the purposes of section 255 of this title . . . in the case of a collective or class action instituted under the [FLSA] . . . it shall be considered to be commenced in the case of any individual claimant—
>
> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
>
> (b) if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced.

*See Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178, 1180-81 (D. Colo. 2012). Chapman's Complaint was filed on November 2, 2012, but Chapman did not file her written consent to join until January 25, 2013. As BOK reclassified plaintiffs as non-exempt under the FLSA on January 1, 2011, the last day for a timely filing of the requisite consent to join per the standard two-year statute of limitations was January 1, 2013. As previously stated, plaintiffs contend their misclassification claims may proceed because genuine disputes of material fact

5

exist as to whether BOK's violation was willful. If plaintiffs can show a willful violation, the three-year statute of limitations applies, and plaintiffs' misapplication claims are timely.

Plaintiffs Allen and Cordova also assert "off the clock" claims. Allen and Cordova filed their consents to join on June 18 and August 13, 2013, respectively. BOK contends plaintiffs have not shown a genuine dispute of material fact as to whether a willful violation occurred, therefore Allen and Cordova's "off the clock" claims must be limited to claims arising after June 18 and August 13, 2011, respectively.

The Supreme Court has stated that willfulness under the FLSA requires "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). In adopting this standard, the Supreme Court noted that the term "willful" is generally understood in the law "to refer to conduct that is not merely negligent." *Id.* The Court also observed that "[t]he fact that Congress did not simply extend the limitations period to three years, but instead adopted a two-tiered statute of limitations, makes it obvious that Congress intended to draw a significant distinction between ordinary violations and willful violations." *Id.* at 132-33; *see also Bass v. Potter*, 522 F.3d 1098, 1105 (10th Cir. 2008) (*quoting Hoffman v. Prof'l Med. Team*, 394 F.3d 414, 419-20 (6th Cir. 2005) for the proposition that "[c]ases under the ADEA and FLSA . . . have found willfulness most frequently in situations in which the employer deliberately chose to avoid researching the law's terms or affirmatively evaded them."). Unreasonableness is insufficient to suffice as proof of knowing or reckless disregard. *McLaughlin*, 486 U.S. at 135 n.13. Reckless disregard can be shown through "action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1270 (10th Cir. 2011) *(quoting Safeco Ins. Co. of America v. Burr,*

551 U.S. 47, 68 (2007). Plaintiffs bear the burden of proving that BOK acted willfully. *Zachary v. Rescare Oklahoma, Inc.*, 471 F. Supp. 2d 1183, 1187 (N.D. Okla. 2006).

### A. The Misclassification Claim

Plaintiffs contend the issue of willfulness is a fact question for the jury and inappropriate for summary disposition. In support, they cite a decision from the Fourth Circuit and another from the Southern District of Florida. However, the Tenth Circuit has held summary judgment is appropriate where the plaintiff does not met his burden of showing the defendant acted willfully. *Fowler v. INCOR*, 2008 WL 2019598 at *11 (10th Cir. May 12, 2008); *Bass v. Potter*, 522 F.3d 1098, 1104-1107 (10th Cir. 2008) (an FMLA case, which applies the same willfulness standard); *Gilligan v. City of Emporia*, 986 F.2d 410, 413 (10th Cir. 1993).

Plaintiffs suggest they can show BOK's willfulness with evidence of past investigations and complaints of FLSA violations. But plaintiffs have no evidence that DOL has audited or investigated BOK for alleged FLSA violations. Plaintiffs point to one previous FLSA lawsuit, filed April 15, 2010, involving a non-exempt hourly employee in the image lab in BOK's credit services department who alleged she worked "off the clock." Plaintiffs have not articulated how that lawsuit placed BOK on notice that its loan officers were improperly classified under FLSA. *See Barth v. Wolf Creek Nuclear Operating Corp.*, 2002 WL 31314829, at *2 (D. Kan. Aug. 28, 2002) (concluding that defendant's prior FLSA violations involving employees in substantially dissimilar positions were not relevant to show that defendant's FLSA violation, if any, in not paying overtime wages to engineers and engineering specialists was willful); *Chao v. Self Pride, Inc.*, 2006 WL 469954, at *5-6 (D. Md. Jan. 17, 2006); *Martin v. Tiller Helicopter Servs., Inc.*, 778 F. Supp. 1395, 1400 (S.D. Tex. 1991). This court concludes that the prior lawsuit involving

7

an employee in a substantially dissimilar position is not relevant to show that BOK's alleged FLSA violation in not paying overtime wages to mortgage loan officers was willful.

Plaintiffs contend BOK's reliance on both the administrative exemption and the outside sales exemption is evidence of willfulness. Plaintiffs are correct, and BOK agrees, that the exemptions are mutually exclusive, as the outside sales exemption requires employees have the primary job duty of sales, whereas that primary job duty disqualifies an employee from coverage under the administrative exemption. *Swigart v. Fifth Third Bank*, 870 F. Supp. 2d 500, 511 (S.D. Ohio 2012). However, the record upon which plaintiffs rely does not generate a genuine issue as to whether BOK simultaneously relied upon the two exemptions for the same employees. *See* Dkt. # 69, Part II, ¶ 2, citing Dkt. # 17, ¶¶ 6, 22; Dkt. # 18, ¶¶ 6, 21; Dkt. # 69-1, p. 9:10-14. Moreover, even if true, an entity's assertion of mutually exclusive FLSA exemptions does not preclude the reasonable possibility that one of the exemptions could apply, and does not evidence a willful violation of the FLSA.

Plaintiffs argue BOK willfully violated the FLSA because it knew its loan originators could not qualify for the administrative, highly compensated employee, or outside sales exemptions. However, the evidentiary materials before the court show that three of the plaintiffs had non-deductible guaranteed draws during at least part of the misclassification period, and thus had a salary, which is a requirement for assertion of the administrative and highly compensated employee exemptions. And although BOK has denied that the primary duty of <u>all</u> its loan officers is to sell mortgage loan products, the record shows that BOK considered a major part of at least some of its loan officers' duties to be sales, one of the requirements for the outside sales exemption. Even if the evidence raises a genuine issue of whether BOK violated the FLSA, it does not create a genuine dispute as to whether the violation was willful. *See Hantz v. Prospect*

*Mortgage, LLC*, 2014 WL 463019, at *3 (E.D. Va. Feb. 5, 2014) (noting that "[c]ourts have found employers willfully violated FLSA where they ignored specific warnings that they were out of compliance, destroyed or withheld records to block investigations into their employment practices, or split employees' hours between two companies' books to conceal their overtime work."). Plaintiffs come forward with no comparable evidence in this case. In creating the two-tiered statute of limitations, Congress intended to draw a significant distinction between ordinary and willful violations. *McLaughlin*, 486 U.S. at 132-33. To extend the three-year statute of limitations to cases where the employer merely "knew or suspected that his actions might violate the FLSA" "virtually obliterates the distinction between willful and nonwillful violations" that Congress intended to draw. *Id.* at 130, 132-33. The evidence plaintiffs have presented—that BOK may have misclassified the plaintiffs—could support an ordinary FLSA violation only, not a willful violation.

Plaintiffs' final argument is that BOK knew its mortgage loan officers were misclassified from March 24, 2010 through January 1, 2011, but took no steps to pay back overtime wages for that period, thus evidencing reckless disregard for the FLSA's requirements. In *Clarke v. JPMorgan Chase Bank, N.A.*, 2010 WL 1379778, at *12 (S.D.N.Y. Mar. 26, 2010), the court concluded that Clarke's reclassification in August 2005, together with JPMorgan's failure to pay overtime prior to that date, did not create a genuine issue of material fact as to willfulness. Rather, JPMorgan's actions demonstrated a good faith effort to ensure its employees were properly classified. In this case, BOK took a number of steps following the 2010 Administrator's Interpretation to determine whether its mortgage loan officers should be reclassified. Those steps included consulting with outside resources, including banking trade organizations; sending employees to seminars concerning FLSA coverage after the 2010

9

Administrator's Interpretation; evaluating possible exemptions for its mortgage loan officers; and surveying peer banks on their reactions to, and evaluations of, the Administrator's Interpretation. Following these efforts, BOK decided to reclassify all its mortgage loan officers as non-exempt. Here, as in *Clarke*, BOK has demonstrated a good-faith effort to ensure its classification of mortgage loan officers complied with the FLSA. The fact that BOK did not pay overtime from March 24, 2010 to December 31, 2010 is not evidence that BOK willfully violated the FLSA.

As plaintiffs have failed to create a genuine dispute of material fact as to whether BOK engaged in a willful violation of the FLSA, BOK is entitled to summary judgment on plaintiffs' misclassification claims.

### B. Allen and Cordova's "Off the Clock" Claims

The parties raise no new arguments regarding whether a genuine issue of material fact exists as to willfulness with respect to Allen and Cordova's "off the clock" claims. It is plaintiffs' burden to establish a genuine dispute of material fact regarding willfulness. *Zachary*, 471 F. Supp. 2d at 1187 (citing *Terwilliger*, 21 F. Supp. 2d at 1308). For the reasons previously stated, plaintiffs Allen and Cordova have not met this burden. Therefore, BOK is entitled to summary judgment on Allen and Cordova's "off the clock" claims accruing more than two years before the date each filed a consent to join. Allen and Cordova's claims are limited to those accruing after June 18, 2011 and August 13, 2011, respectively. [*See* Dkt. ## 36, 40].

### C. Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs' Motion for Partial Summary Judgment Against Both Defendants [Dkt. # 66] is moot, as plaintiffs' misclassification claim is untimely. 29 U.S.C. § 255(a).

## IV. Conclusion

WHEREFORE, BOK's Motion for Partial Summary Adjudication of Plaintiffs' Misclassification Claim and Part of the Plaintiffs' DFW "Off the Clock" Claim [Dkt. # 68] is granted, and Plaintiff's Motion for Partial Summary Judgment Against Both Defendants [Dkt. # 66] is moot.

IT IS SO ORDERED this 25th day of July, 2014.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT