# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NANCY CHAPMAN, | ) | |
| *individually and on behalf of a class* | ) | |
| *of those similarly situated*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-CV-613-GKF-PJC |
| | ) | |
| BOK FINANCIAL CORPORATION, | ) | |
| and BOKF, NA, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is the Motion to Decertify or Alternatively for Rule 41 Dismissal and for Tolling [Dkt. ## 77, 78] filed by plaintiff Nancy Chapman ("Chapman"), individually and on behalf of a conditionally certified class.

On April 30, 2013, the Court granted plaintiff Chapman's Motion for Conditional Collective Action Certification for: (i) plaintiffs' misclassification claim, wherein plaintiffs allege that BOK misclassified loan officers as exempt under the Fair Labor Standards Act ("FLSA") after April 30, 2010 and before January 1, 2011; and (ii) plaintiffs' Dallas/Ft. Worth ("DFW") "off the clock" claim wherein plaintiffs allege that BOK instructed DFW loan officers to not report overtime hours. Fourteen (14) plaintiffs have opted in to the misclassification claim and five (5) plaintiffs have opted in to the DFW "off the clock" claim.

The Court recently granted partial summary judgment to BOK on plaintiffs' misclassification claim, as it was barred by the statute of limitations.[1]  *See* Dkt. # 95.  Plaintiffs' DFW "off the clock" claim remains.

### A.  The Motion to Decertify

The FLSA permits actions to be brought by an employee for and on behalf of herself and other employees similarly situated.  29 U.S.C. § 216(b).  The "overriding question" in certifying such an action is whether the original plaintiff and the opt-in plaintiffs are "similarly situated." *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001).

When determining on an *ad hoc* case-by-case basis whether plaintiffs are "similarly situated," "a court typically makes an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'"  *Id.*  "At the conclusion of discovery (often prompted by a motion to decertify), the court then makes a second determination, utilizing a stricter standard of 'similarly situated.'"  *Id.* at 1102-1103.  "During this 'second stage' analysis, a court reviews several factors, including (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations."  *Id.* at 1103 (internal quotation omitted).  If the plaintiffs are indeed similarly situated, the district court allows the collective action to proceed to trial.  *Kaiser v. At The Beach, Inc.*, 2010 WL 5114729, at *4 (N.D. Okla. Dec. 9, 2010).  If the claimants are not similarly situated, the district court decertifies the class, the opt-in plaintiffs are dismissed without prejudice, and the class representative—*i.e.*, the original plaintiff—proceeds to trial on her individual claims.  *Id.* (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214

---

[1] Despite her Motion to Decertify, Chapman "agrees that the issues raised on summary judgment can and should be decided collectively.  Any ruling on the pending motions should apply to all plaintiffs."  [Dkt. # 82, p. 4].

(5th Cir. 1995), overruled in part on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003)).

In moving to decertify, Chapman states that she and the opt-in plaintiffs are similarly situated,[2] but that fairness and procedural considerations favor proceeding individually rather than collectively.  In her reply, however, she contends the opt-in plaintiffs are *not* similarly situated.  In support of her latest position, Chapman points to a BOK representative's testimony that BOK applied FLSA exemptions to "some or all [plaintiffs] in various combinations," that BOK did not believe plaintiffs were "similarly situated," and that BOK believed plaintiffs "should not proceed collectively."

The testimony that BOK applied FLSA exemptions to some or all plaintiffs in various combinations is much less significant following the Court's Opinion and Order granting summary judgment on the misclassification claim.  The number of plaintiffs and the claimed exemptions are now greatly reduced.  As more fully discussed below, the presence of individualized defenses, if any, does not warrant decertification.  And as to whether plaintiffs are so similarly situated that the DFW "off the clock" claim should proceed collectively, this Court must make its decision without regard to the fluctuating litigation positions of the parties in this action.

In evaluating fairness and procedural considerations, a court must consider the primary objectives of a collective action:  (1) to lower costs to the plaintiffs through the pooling of resources; and (2) to limit the controversy to one proceeding which efficiently resolves common issues of law and fact that arose from the same alleged activity.  *Kaiser*, 2010 WL 5114729, at

---

[2] "To proceed to trial collectively, Plaintiff Chapman would have to show—and Plaintiffs believe she could show—that she is similarly situated to the opt-in plaintiffs."  [Dkt. # 77, p. 4].

*8.  A court must also determine whether it can coherently manage the class in a manner that will not prejudice any party.  *Id.*

Plaintiffs raise five arguments regarding fairness and procedural considerations.  First, they argue decertification is necessary because plaintiffs in the misclassification class have "off the clock" claims outside the Dallas/Fort Worth area that have been excluded from this case. Now that the misclassification claim is gone, this argument is moot.

Second, plaintiffs argue decertification is necessary because BOK intends to assert individualized defenses.  For example, plaintiff Allen was never classified as exempt under the outside sales exemption, but BOK argues the other plaintiffs were subject to that exemption. Insofar as only five plaintiffs remain, the court concludes the remaining individualized defenses are not so complex as to require decertification.  The need for individual factual determinations is not fatal to certification of a FLSA collective action.  *Lozoya v. All Phase Landscape Constr., Inc.*, 2014 WL 222104, at *3 (D. Colo. Jan. 21, 2014) (individualized factual defenses are not different classes of legal defensive arguments); *Underwood v. NMC Mortg. Corp.*, 2009 WL 1322588, at *4 (D. Kan. May 11, 2009).   *Douglas v. First Student, Inc.*, 888 F. Supp. 2d 929, 935 (E.D. Ark. 2012), cited by plaintiffs, is distinguishable in no small part because it involved the claims of 256 opt-in plaintiffs.

Third, plaintiffs argue BOK will not be prejudiced by decertification, because BOK would face the same claims—whether combined in one action or separated into five separate actions—and the discovery already conducted could be utilized in the individual actions.  In response, BOK contends it would be prejudiced because (1) a five-plaintiff class is manageable and preferable to five separate trials; (2) because BOK is prepared to go to trial immediately and would be subjected to multiple trials at unknown times in the future; and (3) because a single

trial would conserve judicial and client resources.   The Court concludes that the better course at this late date is to proceed to a single trial.

Fourth, plaintiffs argue that, because BOK did not allow the five plaintiffs to accurately record their overtime, each plaintiff will have to testify regarding his or her respective hours worked.  Though individualized testimony and fact finding will be necessary, a collective action is preferable here, as it should provide a process by which common issues of law and fact may be efficiently resolved.[3]  In this case, those common issues of law and fact arise from the same activity—BOK's alleged practice of instructing Dallas/Ft. Worth loan officers not to report overtime hours.

Lastly, in their reply, plaintiffs argue BOK has offered no evidence from which the Court could find the opt-in plaintiffs are similarly situated.  However, at the summary judgment hearing, plaintiffs' counsel agreed that the remaining plaintiffs were all similar in that (1) they all have off the clock claims; (2) their off the clock claims began to accrue on January 3, 2011 and continued until the end of each plaintiffs' employment; (3) all plaintiffs were employed by the Bank of Texas; (4) all plaintiffs were under the same policy regarding overtime; (5) all plaintiffs were mortgage loan officers; and (6) all plaintiffs had the same job duties.  These factors are sufficient to show that the five plaintiffs are similarly situated.  Therefore, the collective action may proceed to trial.

### B.  The Motion for Dismissal

As an alternative to decertification, plaintiffs ask the Court to dismiss their claims without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).  They contend BOK will not suffer

---

[3] In *Kaiser v. At The Beach*, 08-CV-586-TCK-FHM, 23 plaintiffs testified in a FLSA collective action.  The court concluded four plaintiffs were exempt, and found all other plaintiffs were entitled to at least some judgment in their favor. *See Kaiser*, 08-CV-586-TCK-FHM, Dkt. # 193, pp. 5, 32, 57.

prejudice.  Defendants oppose dismissal because (1) cross-motions for partial summary judgment were pending at the time plaintiffs moved for dismissal, and (2) BOK would be prejudiced.  As the cross-motions for partial summary judgment have been resolved, BOK's first argument is moot.

Federal Rule of Civil Procedure 41(a)(2) permits a district court to dismiss an action without prejudice at plaintiff's request "on terms that the court considers proper."  "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."  *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996) (internal quotations omitted).  Absent "legal prejudice" to the defendant, the district court normally should grant such a dismissal.  *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).  Prejudice does not arise simply because a second action has been or may be filed against the defendant, which is often the whole point in dismissing a case without prejudice.  *Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005) (citing *Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991)).  Rather, prejudice is a function of other, practical factors including:  "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation."  *Ohlander*, 114 F.3d at 1537.  Defendants argue they would be prejudiced by a voluntary dismissal because:  (1) trial is imminent; (2) the defendants have spent considerable time and resources preparing for trial; (3) discovery closed in this case on March 17, 2014; (4) dispositive motions were filed and fully briefed prior to the motion for voluntary dismissal; (5) "[p]laintiff's explanation for dismissal . . . is not compelling and is unsupported by relevant legal authority;" and (6) "the advanced stage of this litigation counsels against dismissal under Rule 41."

The Court is persuaded that this action has progressed well beyond the time when a voluntary dismissal might have been appropriate.  Of particular concern is trial is now imminent, yet the motion for voluntary dismissal was not filed until two months had passed following close of discovery, and after the motions for partial summary judgment had been fully briefed.   BOK has spent considerable time and resources in preparing for trial.    Moreover, the parties have engaged in extensive discovery.  While plaintiffs claim that dismissal would not prejudice defendant because they would agree the discovery could be used in subsequent cases, plaintiffs concede they would not waive their right to seek additional discovery in those subsequent cases. While plaintiffs cite *Brown v. Baeke* for the proposition that curative conditions can alleviate prejudice, the conditions in *Brown* were more robust than those offered here by plaintiffs.  In *Brown* the plaintiffs' curative conditions effectively brought any successive action filed immediately "to the advanced discovery and pretrial stage at which the initial action was dismissed."  *See Brown*, 413 F.3d at 1126.  Here, plaintiffs offer no comparable curative conditions.  For the reasons stated by BOK, dismissal without prejudice is improper at this late stage of litigation.[4]

WHEREFORE, Plaintiffs' Motion to Decertify or Alternatively for Rule 41 Dismissal and For Tolling [Dkt. ## 77, 78] is denied.

IT IS SO ORDERED this 28th day of July, 2014.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4] As plaintiffs' request for voluntary dismissal is denied, the issue of tolling is moot.