UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Nancy Chapman, individually and on behalf of a class of those similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>BOK Financial Corporation, and BOKF, NA,<br><br>          Defendants. | Case No. 12-CV-613-GKF-PJC |

**CERTAIN PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT AND RELEASE OF CLAIMS UNDER THE FAIR LABOR STANDARDS ACT AND SUPPORTING MEMORANDUM**

Plaintiffs Nancy Chapman, Richard Allen, Yancey Langley, Anthony Cordova, and Beverly Holland (hereafter, "Plaintiffs") have each entered into individual settlements with Defendants BOK Finanancial Corporation and BOKF, NA (hereafter, "BOK") that resolve this litigation with respect to these Plaintiffs.  The executed confidential settlement agreements and releases are attached hereto as Exhibits 1 through 5.  Plaintiffs hereby move for an order approving their settlements and releases of claims under the Fair Labor Standards Act, 29 U.S.C. § 216(b).  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

In support of this Motion, Plaintiffs state as follows:

I.      **Legal Standard**

The FLSA is a remedial statute.  As such, rights under the FLSA "cannot be abridged by contract or otherwise waived."  *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981).  When employees file suit against their employer under the FLSA, the

1

parties must present any proposed settlement to the district court for review and a determination whether the settlement is fair and reasonable.  *See Shockey v. Huhtamaki, Inc.*, 2012 WL 3562136 at *1 (D. Kan. Aug. 17, 2012) (citing, e.g., *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).  To approve an FLSA settlement, the Court must find that the litigation involves a bona fide dispute and the proposed settlement is fair and equitable to all parties concerned.  *See id.* at 1354.

## II.     The Settlement Agreements

The settlement reached by the parties provides for the resolution of five Plaintiffs' individual claims.

After extensive litigation, BOK agreed to pay $92,102 to resolve the individual unpaid wage claims of these Plaintiffs.  This amount is equal to the alleged actual damages disclosed in the proposed pretrial order (Exhibit 6, email to Chambers dated August 14, 2014), and equal to the actual damages these Plaintiffs would have sought at trial, exclusive of any statutory liquidated damages, attorneys' fees, and expenses.  As part of this settlement, Plaintiffs agreed to release all wage-and-hour claims that were or could have been asserted in this case, including but not limited to those arising under the FLSA and state law, as set forth in the Settlement Agreements attached as Exhibits 1 through 5.

## III.    The Court Shoud Approve Plaintiffs' Settlements

There is no question that the proposed settlement arises from a *bona fide* dispute. Plaintiffs claimed that BOK did not pay them for all time worked.  BOK raised various defenses, as demonstrated in the extensive briefing on discovery issues and dispositive motions evidenced by the Court's docket in this case.  The settlement is certainly fair and equitable given that after lengthy adversary proceedings with experienced counsel on both

sides, Plaintiffs are receiving the amount of their actual damages for their "off-the-clock" claims, the only claims that would have been submitted at trial.  *See, e.g.*, *Lynn's Food Stores*, 679 F.2d at 1354 (the Court should approve an FLSA settlement when it finds that the litigation involves a bona fide dispute and the proposed settlement is fair and equitable to the parties).

## IV.     CONCLUSION

For the reasons stated herein, Plaintiffs Nancy Chapman, Richard Allen, Yancey Langley, Anthony Cordova, and Beverly Holland respectfully submit that their settlements with and releases of Defendants are the product of a bona fide dispute, are fair and equitable, and should be approved by the Court.  For the Court's convenience, a proposed order approving these settlements by these five settling Plaintiffs is submitted herewith.

The Court has set a schedule for briefing on Plaintiffs' application for an award of reasonable attorney fees and expenses pursuant to the FLSA.  Upon the Court's entry of such order, and the occurrence of conditions of precedent set forth in the submitted settlement agreements, the parties will seek a final and non-appealable judgment applicable to the five settling Plaintiffs.  Separately, plaintiffs will seek a final appealable judgment pursuant to Fed. R. Civ. P. 54(a) and 58, applicable to the nine other plaintiffs as to whom the Court previously granted summary judgment.

October 9, 2014

**STUEVE SIEGEL HANSON LLP**


_____*/s/ George A. Hanson*_____

George A. Hanson (*pro hac vice*)
Lauren A. Wolf (*pro hac vice)*
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:    (816) 714-7100
Fax:    (816) 714-7101
hanson@stuevesiegel.com
wolf@stuevesiegel.com

ROWDY MEEKS LEGAL GROUP LLC
Rowdy B. Meeks (*pro hac vice*)
10601 Mission Road, Suite 100
Leawood, Kansas 66206
Tel:    (816) 977-2741
Fax:    (816) 875-5069
rowdy.meeks@rmlegalgroup.com

SNEED LANG HERROLD PC
Mark A. Waller, OBA #14831
1700 Williams Center Tower I
One West Third Street
Tulsa, Oklahoma 7410303522
Tel:    (918) 588-1313
Fax:    (918) 588-1314
mwaller@sneedlangherrold.com


**ATTORNEYS FOR PLAINTIFFS**

**<u>CERTIFICATE OF SERVICE</u>**

On October 9, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which delivered a copy to counsel of record.

       */s/ George A. Hanson*
Attorney for Plaintiffs
