# EXHIBIT 1

## **CONFIDENTIAL**

## **SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release ("Agreement") is made by and between Nancy Chapman ("Plaintiff") and BOK Financial Corporation and BOKF, NA and each of their respective affiliates and each of their respective officers, employees, agents, representatives, and business partners (collectively referred to herein as the "Company").  The Company and Plaintiff will collectively be referred to as "the Parties."

1. <u>The Dispute</u>.  In connection with employment of Plaintiff with the Company, a dispute has arisen regarding the Plaintiff's wages culminating in a civil action filed in the Northern District of Oklahoma captioned *Nancy Chapman, et. al. v. BOK Financial Corporation, and BOKF, NA*, Case No. 12-CV-613-GKF-PJC, as amended on November 28, 2012 (the "Dispute").

2. <u>Statement of Purpose</u>.  The Parties now desire to resolve the above-referenced Dispute, and all issues raised, or that could have been raised therein, without the further expenditure of time or the expense of contested litigation.  For these reasons, they have entered into this Agreement.

3. <u>Denial of Wrongdoing</u>.  The Company expressly denies any violation of any federal, state or local statute, ordinance, rule, regulation, policy, order or other law at issue in the Dispute.  The Company also expressly denies any liability to Plaintiff or any other employee or former employee regarding the issues raised in the Dispute, or otherwise covered by this Agreement.  This Agreement is the compromise of disputed claims, and nothing contained herein is to be construed as an admission of liability on the part of the parties hereby released, or any of them, by whom liability is expressly denied.  Accordingly, while this Agreement resolves all issues regarding the released parties referenced herein, it does not constitute an adjudication or finding on the merits of the allegations in the Dispute and is not, and shall not be construed as, an admission by the released parties of any violation of federal, state, or local statute, ordinance, rule, regulation, policy, order or other law, or of any liability alleged in the Dispute.  Moreover, neither this Agreement, nor anything in it, shall be construed to be, nor shall it be, admissible in any proceeding as evidence of, or an admission by, the released parties of any violation of any federal, state or local statute, ordinance, rule, regulation, policy, order or other law, or of any liability alleged in the Dispute.  This Agreement may be introduced, however, in any proceeding to enforce the Agreement or as a defense to any claims released by the settlement.  Such introduction shall be pursuant to an order protecting its confidentiality if one is available.

4. <u>Monetary Consideration</u>.  In consideration of, and in return for, the promises and covenants undertaken and the releases given:

    a. Subject to the Court's approval of this Settlement, the Company agrees to pay Plaintiff the total sum of $25,008.00, which will be paid as follows:

        i. One check for $12,504.00, made payable to Plaintiff for alleged non-wage damages (e.g. liquidated damages and/or interest), for which an IRS Form 1099 shall issue to Plaintiff.

        ii. One check for $12,504.00, less all applicable deductions, made payable to Plaintiff for alleged lost wages and for which Plaintiff shall receive a W-2.

b.     The Company will deliver the checks identified in this Paragraph for delivery by way of United Parcel Service Next Day Air addressed to Stueve Siegel Hanson LLP within ten (10) days of the Court's order approving this settlement.

5.     Attorneys' Fees and Costs.

a.     The Parties agree that, as part of this settlement, the Company will pay reasonable attorneys' fees and costs attributable to Plaintiff to be determined by the Court.

b.     Unless the Parties reach a subsequent agreement, the Court will finally determine any allowable and reasonable fees and costs, which the Company will pay to Plaintiff's counsel for the benefit of Plaintiff's counsel within ten (10) days of the Court's determination. No party shall have any right to appeal the Court's final determination of fees and costs.

6.     The Company warrants, and Plaintiff acknowledges, that the monies described in Paragraph 4.a. are not required to be paid by any policy or procedure of the Company and that Plaintiff is entitled to the Monetary Consideration solely by virtue of this Agreement, which is a compromise regarding the Dispute. Furthermore, the Employee acknowledges that none of the monies described in Paragraph 4.a. shall be included as income for purposes of calculating any potential benefits under any Company benefit plan or policy.

7.     Dismissal.  Within seven (7) days after the Company's payment of the both the Monetary Consideration and any allowable and reasonable Attorneys' Fees and Costs which may be determined by the Court as provided in paragraphs 4 and 5 above, the parties will file a Stipulation for Dismissal with Prejudice.

8.     Release.  In consideration of, and in return for the promises and covenants undertaken herein by the Company, and for other good and valuable consideration, receipt of which is hereby acknowledged:

a.     Plaintiff hereby releases and forever discharges the Company, and each of its divisions, affiliates, subsidiaries, operating companies, and parents, past and present, and the respective officers, directors, employees, agents and affiliates of each of them, past and present (collectively, the "Released Parties") from any and all wage and hour causes of action, lawsuits, proceedings, complaints, charges, debts, contracts, judgments, damages, and claims against the Released Parties, whether known or unknown, which Plaintiff ever had, now has or which Plaintiff or Plaintiff's heirs, executors, administrators, successors or assigns may have prior to the date this Agreement is signed by Plaintiff, due to any matter whatsoever relating to Plaintiff's compensation that was raised or could have been raised in this Dispute (collectively, the "Released Claims"). The Released Claims include, but are not limited to, any claim that any of the Released Parties violated the Fair Labor Standards Act or any other federal, state or local wage and hour statute, law, common law claim, tort, contractual claim, regulation or ordinance, whether for damages, penalties, attorneys' fees and costs, and all other form of recovery. For the avoidance of doubt, this release includes, but is not limited to, all claims set forth in the Dispute, as well as any wage and hour claims by Plaintiff under any state or local law, statute, regulation, or ordinance, including but not limited to laws governing overtime or regular wages and/or the provision of meal and rest periods.

9.     Governing Law.  This Agreement shall be construed in accordance with, and be deemed governed by, the laws of the State of Oklahoma. Any suit filed to enforce any terms of this Agreement must be filed in federal court in Tulsa, Oklahoma. In any suit filed to enforce any terms of

this Agreement, the prevailing party shall be entitled to collect its reasonable costs and attorneys' fees (including court costs, reasonable fees of accountants and experts, and other expenses incidental to the litigation) incurred in enforcing the settlement agreement from the other party.

10. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed to be an original, and such counterparts shall together constitute one, and the same, Agreement.

11. Each party agrees to execute such additional documents, instruments and writings as may be necessary, proper, required, desirable or convenient for the purpose of fully effectuating the terms and provisions of this Agreement.

I have read the foregoing Settlement Agreement and Release and I accept and agree to the provisions contained therein and hereby execute it voluntarily and with full understanding of its consequences.

Date: September 29, 2014        *Nancy Chapman*
                                By: Nancy Chapman

Date: September___, 2014        _____
                                By: BOK Financial Corporation

Date: September___, 2014        _____
                                By: BOKF, NA

this Agreement, the prevailing party shall be entitled to collect its reasonable costs and attorneys' fees (including court costs, reasonable fees of accountants and experts, and other expenses incidental to the litigation) incurred in enforcing the settlement agreement from the other party.

10. <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed to be an original, and such counterparts shall together constitute one, and the same, Agreement.

11. Each party agrees to execute such additional documents, instruments and writings as may be necessary, proper, required, desirable or convenient for the purpose of fully effectuating the terms and provisions of this Agreement.

I have read the foregoing Settlement Agreement and Release and I accept and agree to the provisions contained therein and hereby execute it voluntarily and with full understanding of its consequences.

Date: September __, 2014

By: Nancy Chapman

Date: ~~September~~ OCT 1, 2014

By: BOK Financial Corporation

Date: September OCT 1, 2014

By: BOKF, NA