# EXHIBIT 6

## DeBoe, Tiffany

| | |
|---|---|
| **From:** | DeBoe, Tiffany |
| **Sent:** | Thursday, August 14, 2014 4:20 PM |
| **To:** | 'CM-ECFIntake_oknd@oknd.uscourts.gov' |
| **Subject:** | Chapman v. BOK Financial Corporation, Case No. 12-cv-613 |
| **Attachments:** | Proposed First Amended Pretrial Order.pdf; Exhibit 1-Proposed First Amended Pretrial Order.xlsx; Exhibit 2-Proposed First Amended Pretrial Order.pdf; Exhibit 3 - Proposed First Amended Pretrial Order.pdf; Exhibit 4 - Proposed First Amended Pretrial Order.pdf; Exhibit 5-Proposed First Amended Pretrial Order.pdf; Proposed First Amended Pretrial Order.docx |

Judge Frizzell,

Attached please find the parties Proposed First Amended Pretrial Order. Thank you.

Tiffany L. DeBoe
Litigation Support Specialist
**Stueve Siegel Hanson LLP**
460 Nichols Rd., Suite 200
Kansas City, MO 64112
Telephone:  816.714.7133 (direct )
Facsimile:  816.714.7101

Visit us on the web: www.stuevesiegel.com

The information contained in this message from Stueve Siegel Hanson LLP, any attachments thereto, and any information contained in messages replying to this message is privileged and confidential.  This message is intended only for the use of the named recipient(s) and the attorney-client and attorney work-product privileges are not waived by virtue of this having been sent by e-mail.  If you receive this message in error, you are strictly prohibited from, and it may be illegal to, copy, distribute or use the information. If you have received the foregoing email in error, please contact the sender immediately by return email and delete the original message. Bar Disciplinary Counsel requires all Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication, (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from us to you or vice versa, (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or our computers or even some computer unconnected to either of us which the e-mail passed through. We are communicating to you via e-mail because you have consented to receive communications via this medium.  If you change your mind and want future communications sent in a different fashion, please let us know AT ONCE.

.

**THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA
U.S. DISTRICT JUDGE Gregory K. Frizzell**

| | |
|---|---|
| Nancy Chapman, individually and on behalf of a class of those similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>BOK Financial Corporation, and<br><br>BOKF, NA,<br><br>       Defendants. | Case No. 12-CV-613-GKF-PJC |

**<u>PROPOSED FIRST AMENDED PRETRIAL ORDER</u>**

    Following a pretrial conference held before the court, IT IS SO ORDERED: The pretrial conference was held on September 5, 2014.

| For Plaintiffs: | For Defendants: |
|---|---|
| George Hanson<br>Ashlea Schwarz<br>460 Nichols Road, Suite 200<br>Kansas City, Missouri 64112<br>Telephone: (816) 714-7100<br>Facsimile: (816) 714-7101<br>Hanson@stuevesiegel.com<br>Ashlea@stuevesiegel.com<br><br>Mark Waller<br>1700 Williams Center Tower I<br>One West Third Street<br>Tulsa, Oklahoma 74103-03522<br>Tel: (918) 588-1313<br>Fax: (918) 588-1314<br>mwaller@sneedlangherrold.com | Erica Anne Dorwart<br>Piper Turner<br>Michael Medina<br>Paul DeMuro<br>Frederic Dorwart, Lawyers<br>124 East Fourth Street<br>Tulsa, Oklahoma 74104<br>918583-9922 Office<br>edorwart@fdlaw.com<br>pturner@fdlaw.com<br>mmedina@fdlaw.com<br>pdemuro@fdlaw.com |

I.      This is an action for:

a.      <u>Causes of action brought by Plaintiffs</u>: Plaintiffs' allegations are as follows. Plaintiffs are Mortgage Bankers (a/k/a "loan officers") who worked for BOK Financial Corporation and BOKF, NA (collectively "BOK" or "Defendants"). Throughout their tenure with Defendants, Plaintiffs worked significant overtime that went unrecorded and unpaid in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiffs therefore bring these causes of action individually against Defendants under the FLSA.

Plaintiffs Allen, Chapman, Cordova, Holland, and Langley each allege that after January 3, 2011—when Defendants re-classified their position as non-exempt and thus subject to the requirements of the FLSA—Defendants failed to accurately record and pay overtime hours actually worked by Plaintiffs through the end of their employment. Indeed, Defendants discouraged their loan officers from accurately recording all overtime hours worked, and applied overtime limits to loan officers based on fundings rather than hours worked. Plaintiffs have suffered lost wages as a result of Defendants' violations of the provisions of the FLSA.

b.      General Defenses of BOK Financial Corporation:

BOK Financial Corporation denies that BOK Financial Corporation employed the plaintiffs. [Doc. No. 17, p. 3, ¶10]. As recognized by this Court in Voorhis v. BOK Financial Corp., No. 13-CIV-197-CVE-TLW [Doc. No. 133, pp. 10-12], BOK Financial Corporation is a non-operating financial holding company.

To the extent that Plaintiffs establish that BOK Financial Corporation was the employer for each respective Plaintiff, BOK Financial Corporation adopts the defenses of BOKF, NA.

c.      Defenses of BOKF, NA

2

BOKF NA generally alleges as follows.[1]   Each Plaintiff negotiated the terms and conditions of his/her employment with BOKF NA as defined below.   BOKF NA paid mortgage loan officers overtime, regardless of available exemptions, between January 1, 2011 and November 18, 2013, the latest date that a Plaintiff worked for BOKF NA.   The Defendant(s)' actions were not willful for purposes of liquidated damages.

The Plaintiffs were required to accurately record and submit their hours worked. The Plaintiffs were paid overtime for all hours recorded and submitted regardless as to whether there is/was an applicable exemption.   The Plaintiffs were granted special permission to adjust their hours worked in order to capture all hours worked.  Various FLSA exemptions apply to the Plaintiffs, in particular, the outside sales exemption, the executive, or the highly compensated employee exemption.  The Plaintiffs now allege that each did not submit his/her hours as required.  The Defendants did not know nor should the Defendants have known that each Plaintiff was not paid overtime for all hours worked. The Defendant(s)' actions were not willful for purposes of liquidated damages.

BOKF, NA's specific defenses are set out below.

1. Defendants had in place (and has in place appropriately implemented policies to prevent, handle, and address complaints of compensation).

2. Defendants neither entered into a contract for employment of the Plaintiffs nor violated the terms of any alleged contract.

2. The Plaintiffs claims under the FLSA cannot go behind two years from the filing of each respective Plaintiff's consent.

---

[1] To the extent Plaintiff establishes that BOK Financial Corporation was the employer of each Plaintiff, BOK Financial Corporation adopts the statements and defenses of BOKF NA.

3.      The Plaintiffs are not entitled to overtime compensation because each exempt from the overtime provisions of the FLSA under one or more exemptions, or combination of exemptions, during one or more of the periods of time in question.

4.      The Plaintiffs alleged damages are subject to the doctrines of payment, mitigation, and offset.

5.      Defendants allege that certain of the Plaintiffs were paid monies for times when no work or services were performed and that Defendant(s) should, therefore be entitled to a set-off of wages found due to certain Plaintiffs.

6.      Each Defendant did not fail to pay overtime.

7.      If each Defendant's failure to pay overtime was unlawful, although such is not admitted, each Defendant had a good faith and reasonable belief that the failure to pay such wages was not unlawful.

8.      The claims of the Plaintiffs are barred, in whole or in part, because certain of the time periods for which they are claiming entitlement to overtime fall within the de minimis exception.

9.      The claims of the Plaintiffs are barred as to all hours during which Plaintiffs were engaged in activities that were preliminary or postliminary to their principal activities.

10.      The claims of the Plaintiffs are barred as to all hours allegedly worked of which each Defendant lacked actual or constructive knowledge.

11.      The Plaintiffs are not entitled to any recovery for the damages asserted as all monies due and owing to Plaintiffs were paid by Defendant BOKF, NA. Plaintiffs were properly paid.

12.     If Defendant's failure to pay any of the Plaintiffs' alleged overtime was unlawful, although such is not admitted, Defendant(s) is (are) entitled to an application of the flexible workweek method to determine overtime wages due, if any.

13.     This action is barred by section 4 of the Portal-to-Portal Pay Act, to the extent that the Plaintiffs seek relief for non-compensable activities and/or for time not considered hours worked under that Act.

14.     Defendant substantially and justifiably relied on:   DOL's Administrative Opinion letters dated March 6, 2006 [FLSA 2006-11] (Outside Sales) and September 8, 2006 [FLSA 2006-31]; 69 Fed. Req. at 22,146; Henry v. Quicken Loans, (USDC E.D. Michigan, Case No. 04-cv-40346 Doc. 596 (Order); Henry v. Quicken Loans, (USDC E.D. Michigan, Case No. 04-cv-40346 Doc. 609 (DOL Amicus Brief); MBA v. Department of Labor, 720 F.3d 966, 405 U.S.App.D.C. 429, 163 Lab.Cas. P 36,135, 20 Wage & Hour Cas.2d (BNA) 1527, Case No. 12-5246 Opinion Dated July 2, 2013; and other applicable guidance and law.

15.     The Plaintiffs' claims are barred, in whole or in part, by the actions of the Plaintiffs and/or the Plaintiffs' agents. In particular, Plaintiffs' claims should be barred and/or denied due to spoliation and/or lack of preservation of the evidence.

16.     The Plaintiffs are guilty of unclean hands and therefore are not entitled to any relief from Defendants.

17.     The Plaintiffs' claims should be barred due to violation of Federal Rule of Civil Procedure 26(g) and/or falsification of discovery responses and/or disclosures.

18.     The Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have not suffered any injury in fact.

19.     The Defendant(s)' actions were not willful for purposes of the statute of limitations.

20.     The Defendant(s)' actions were not willful for purposes of liquidated damages.

21.     The Plaintiffs may not recover both prejudgment interest and liquidated damages under the FLSA.

22.     Any damages that Plaintiffs allege to have suffered are to remote or speculative to allow recovery.

II.     Remedies: Plaintiffs seek an award of unpaid wages owed, including overtime, under the FLSA. Subject to modification, the spreadsheet attached as Exhibit 1 provides damage calculations for each Plaintiff. Plaintiffs have calculated a reasonable estimate of the amount of hours per week that they were not compensated for overtime. Plaintiffs then multiplied the number of hours worked in the amount of relevant workweeks by the applicable overtime rates. In accord with the FLSA, 29 U.S.C. § 216(b), Plaintiffs also seek liquidated damages (or alternatively interest), and their reasonable attorneys' fees and costs and all other relief the Court deems just and proper.

III.    Federal jurisdiction is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337. BOK Financial Corporation has its principal place of business in Tulsa, Oklahoma. BOKF, NA has its principal place(s) of business in Tulsa, Oklahoma.[2]

IV.     The following facts, and issues of law, are **admitted** and require no proof:

1.      The individual Plaintiffs are Allen, Chapman, Cordova, Holland, and Langley.

---

[2] BOK Financial Corporation alleges that it was not the employer of Plaintiffs and that jurisdiction over it is improper.

2.       BOKF NA is a national banking association with its principal place of business in Tulsa, Oklahoma. The Plaintiffs worked for BOKF NA dba Bank of Texas during the respective employment of each between January 1, 2011 and November 18, 2013.

3.       BOK Financial Corporation is a bank holding company with its principal place of business in Tulsa, Oklahoma. BOK Financial Corporation has been the parent corporation of BOKF NA dba Bank of Texas, NA, from January 1, 2011 to the present.

4.       Venue is proper in the United States District Court for the Northern District of Oklahoma.

5.       BOKF NA was subject to applicable provisions of the FLSA between January 1, 2011 until November 18, 2013, which denotes the last date of employment for any Plaintiff. BOKF NA defined the work week for FLSA purposes as Monday through Sunday.

6.       Between January 1, 2011 and November 18, 2013 (the last date a Plaintiff was employed by BOKF NA), the Plaintiffs employed were paid overtime payments for all overtime hours submitted by each respective Plaintiff.

7.       Plaintiffs were employed as mortgage loan officers with BOKF NA during the relevant time period, filed consents to join this case, and received pay as follows:

| Last Name | Original Hire Date | Claim Start Date | Claim End Date | Consent File Date | 2010 W-2 | 2011 W-2 | 2012 – W-2 | 2013 W-2 or Final Pay Statement |
|---|---|---|---|---|---|---|---|---|
| Allen | 2/4/2002 | 6/18/2011 | 3/5/2013 | 6/18/2013 | $199,468.36 | $212,748.12 | $249,626.76 | $67,131.94 |
| Chapman | 9/1/2010 | 1/25/2011 | 6/18/2012 | 1/25/2013 | $24,195.13 | $71,664.69 | $42,690.09 | |
| Cordova[3] | 2/25/2010 | 8/13/2011 | 11/18/2013 | 8/13/2013 | $46,258.11 | $64,187.89 | $46,178.58 | $28,940.38 |
| Holland | 9/14/2009 | 2/8/2011 | 6/24/2011 | 2/8/2013 | $44,201.34 | $24,133.79 | | |
| Langley | 2/28/2008 | 1/25/2011 | 7/6/2011 | 1/25/2013 | $92,742.48 | $54,370.72 | | |

V.     The <u>reservations as to the facts</u> recited in Paragraph IV are as follows:

a.     Plaintiffs' Reservations:

1.     In response to Defendants' reservation of facts as presented below, Plaintiffs suggest the parties present them through jury instructions.

b.     Defendants' Reservations:

---

[3] Anthony Cordova was a mortgage loan officer manager from 8/1/2011 to 2/29/2012. [Exhibit 284]; [Cordova at Deposition Transcript at page 27].

1.      Any reference to "Plaintiffs" means only those plaintiffs who properly and timely consented to join and remain as Plaintiffs in this litigation following this Court's Order [Doc. 95].

2.      Defendants proposed the following stipulations with respect to burdens.

   b.  The Plaintiffs bear the burdens of proving that:

         i.   Each of the Defendants was the employer of the respective Plaintiff;
         ii.  The hours worked by each Plaintiff;
         iii. Alleged damages of each Plaintiff; and

   c.  The employer bears the burden of proving that its respective Plaintiff employee fits within one of the exemptions to overtime pay under the FLSA.

   d.  In order to avoid any potential liquidated damages, the employer bears the burden of proving that the employer acted in good faith.

VI.    The <u>following facts, though not admitted, are not to be contested</u> at the trial by evidence to the contrary: Not Applicable.

VII.   The parties agree the <u>following issues of fact, and no others, remain to be litigated</u> upon the trial:

   a.    <u>Plaintiffs' Position</u>: Plaintiffs state the following issues of fact, and no others, remain to be litigated upon the trial:

      1.  Whether BOK Financial Corporation employed Plaintiffs.

      2.  The number of hours worked by Plaintiffs.

      3.  Whether Plaintiffs worked overtime for which they were not paid at the applicable overtime rate.

   b.    <u>Defendants' Position</u>: Defendants state the following issues of fact, and no others, remain to be litigated upon the trial:

8

1. Defendants' Defenses in Section I.
2. Whether BOK Financial Corporation was the employer of each of the remaining Plaintiffs during each applicable claim period.
3. Whether and/or during what time periods BOK Financial Corporation was a joint employer each of the remaining Plaintiffs.
4. Whether Plaintiffs were exempt from FLSA's overtime requirements under the administrative exemption.
5. Whether each respective Opt In Plaintiff was exempt from the FLSA's overtime requirements under the outside sales exemption.
6. Whether each respective Opt In Plaintiff was exempt from the FLSA's overtime requirements under the highly compensated exemption.
7. The number of hours worked by each respective Opt In Plaintiff during the applicable time periods.
8. Subject to the foregoing issues, whether each Plaintiff worked overtime hours for which each was not paid at the applicable overtime rate.
9. Whether each Plaintiff falsified his/her time records.
10. Whether each Defendant knew or should have known that each Plaintiff worked the hours to be established by each Plaintiff for which Plaintiffs were not paid.
11. Subject to the foregoing issues, whether each Plaintiff submitted and was paid for hours worked which were not worked such that Defendant(s) are entitled to an offset.
12. Subject to the foregoing issues whether each Plaintiff had unclean hands.
13. Subject to the foregoing issues whether each Plaintiff spoliated and/or failed to preserve evidence.
14. The proper calculation of alleged damages for each Plaintiff.
15. For each respective Defendant that may be found to have violated the FLSA, whether each of the respective Defendants' conduct was willful for the purposes of liquidated damages.
16. Whether each Plaintiff may recover and/or may not recover prejudgment interest.
17. If a Plaintiff may recover prejudgment interest, the proper calculation of prejudgment interest.
18. Each of Defendants' defenses in § I.

VIII.   The following <u>Exhibits</u> will be used:

a.      Attached as Exhibit 2 is Plaintiffs' exhibit list with Defendants' objections.

b.      Attached as Exhibit 3 is Defendants' exhibit list with Plaintiffs' objections.

IX.     The following <u>witnesses</u> will be called:

a.      Plaintiffs intend to call the following witnesses:

### <u>Plaintiffs</u>

a.  Richard Allen
b.  Nancy Chapman
c.  Anthony Cordova
d.  Beverly Holland
e.  Yancey Langley

Plaintiffs will testify as to their employment with Defendants, including their job responsibilities, pay, hours worked, discussions with management regarding working and recording overtime, and classification as exempt and reclassification as non-exempt, and also testify as to their damages.

### <u>Defendants' Employees</u>

f.  JB Bright

Mr. Bright will be called as needed to authenticate documents and testify regarding the SIEM and computer login records and codes.

g.  Ben Cowen

Mr. Cowen will be called to testify about Defendants' mortgage division; employment of Plaintiffs; relationship between BOK Financial Corporation and BOKF, NA; Defendants' joint employment of Plaintiffs; Plaintiffs' job responsibilities, classification (and re-classification), and pay.

h.  Joseph Chapman

Mr. Chapman will be called to testify about his supervision of relevant Plaintiffs; Bank of Texas (now BOKF, NA) and BOK Financial Corporation; relevant timekeeping and pay policies; and Plaintiffs' employment settings.

i.  Jeff Harjo

Mr. Harjo will be called to testify about Defendants' audit department and review of relevant compensation plans; Plaintiffs' employment settings; and Plaintiffs' compensation structure and pay.

j.  Rebecca Hert

Ms. Hert will be called to testify regarding all issues discussed during the corporate representative deposition; Defendants' human resources; Plaintiffs' employment; Plaintiffs' damage calculations; Plaintiffs' classification as exempt and reclassification as non-exempt; and Defendants' timekeeping policies, procedures, and software.

k.   Karen Hill

Ms. Hill will be called to testify about Defendants' pay policies and structure; timekeeping; calculation of pay for Plaintiffs including calculating the regular rate of pay and overtime rate at various points in time; and Plaintiffs' damage calculations.

l.   Gregg Kittle

Mr. Kittle will be called to authenticate documents as necessary and testify regarding the software and hardware used by Defendants in the branches.

m.   Jennifer Smith

Ms. Smith will be called to testify regarding Defendants' human resources; Plaintiffs' employment, classification as exempt and reclassification as non-exempt; Defendants' policies and procedures; FLSA training; compensation plans; and pay structures.

n.   John Svetina

Mr. Svetina will be called to testify about BOK Financial Corporation; BOKF, NA; supervisions of relevant Plaintiffs; relevant Plaintiffs' employment; Defendants' policies, procedures, and work habits regarding timekeeping and hours; Defendants' classification and reclassification of the loan officer position; and Plaintiffs' damages.

o.   Marie Williamson

Ms. Williamson will be called to testify about BOK Financial Corporation; BOKF, NA; the loan officer job position and responsibilities; Plaintiffs' employment settings; and classification of loan officers and reclassification as non-exempt.

p.   Any witnesses necessary for document authentication and foundation
q.   Any witness identified by Defendants
r.   Any witness needed for rebuttal

b.      Defendants intend to call the following witnesses: *See,* Exhibit 4.

c.       Plaintiffs' objections to certain topics identified on Defendants' witness list

are attached as Exhibit 5.

X.      All discovery was to be completed by March 17, 2014.

11

XI.　　Motions:

a.　　Plaintiffs' Motion for Entry of Judgment, Certification Pursuant to Rule 54(b), and Stay of Remaining Claims.

XII.　　The parties agree the <u>following issues of law, and no others, remain to be litigated</u> upon the trial:

a.　　<u>The parties' jointly submit the following issue of law to be litigated upon the trial:</u>

1.　To the extent the issues set forth in Section I and Section VII are mixed issues of fact and law, those issues are incorporated herein as issues of law.

b.　　<u>Plaintiffs' Position:</u> Plaintiffs additionally submit the following issue of law to be litigated upon the trial:

1.　Subject to Plaintiffs succeeding at trial, whether Defendants can avoid any portion of the applicable liquidated damages by showing that they acted in good faith in failing to pay for off the clock work, and that they had a reasonable basis to believe that they need not pay for off the clock work.

c.　　<u>Defendants' Position</u>: Defendants state the following issues of law in addition to those set forth in sub-paragraph (a) immediately above, and no others, remain to be litigated upon the trial:

1.　Whether Plaintiffs were exempt from FLSA's overtime requirements under the administrative exemption.

2.　Whether each respective Plaintiff was exempt from the FLSA's overtime requirements under the outside sales.

3.   4. Whether each respective Plaintiff was exempt from the FLSA's overtime requirements under the highly compensated exemption.

4.   Subject to proof at trial, whether alleged liquidated damages are applicable under the facts and circumstances.

XIII.   <u>Possibility of Settlement</u>. The possibility of <u>settlement</u> of this case has been explored with the following results: The parties informally attempted to settle this matter early in the litigation. The parties formally mediated this matter on December 17, 2013 and reached impasse. The parties continue to evaluate and discuss a potential settlement of these claims.

XIV.   <u>Estimated time of trial</u>: The parties believe that one week will be necessary to try the Plaintiffs' claims.

XV.   The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice. Rule 16, Federal Rules of Civil Procedure.

Dated this _____ day of _____, 2014.


_____
        Gregory K. Frizzell
        U.S. DISTRICT JUDGE


Approved as to form and content:

____/s/ Ashlea Schwarz_____
Attorney for Plaintiffs


____/s/ Erica Anne Dorwart_____
Attorney for each Defendant

**Richard Allen-Total**                                          1/3/2011

| | OTC Start Date | OTC End Date | Consent Date | Begin Date For OTC weeks | End Date For OTC Weeks | OTC Weeks 2011 | OTC Weeks 2012 | OTC Weeks 2013 | OT Hours after April 30, 2010-before Jan.1, 2011 | OT Hours after Jan. 1, 2011 | 2011 Hourly Pay Rate | 2012 Hourly Pay Rate |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | |
| Allen, Richard L. | 1/3/2011 | 3/5/2013 | 6/18/2013 | 01/03/2011 | 3/5/2013 | 52.00 | 52.00 | 9.00 | 12.00 | 12 | $7.50 | $7.50 |
| | | | | | | | | | | | | |
| | | | | | | 1/1/2011 | 1/1/2012 | 1/1/2013 | | | | |
| | | | | | | 12/31/2011 | 12/31/2012 | 12/31/2013 | | | | |

**Richard Allen-Total**

| | 2013 Hourly Pay Rate | 2011 OT paid | 2011 Hourly Damages | 2011 Commission Damages | 2011 Actual Damages | 2012 OT paid | 2012 Hourly Damages | 2012 Commission Damages | 2012 Actual Damages | 2013 OT paid | 2013 Hourly Damages |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| Allen, Richard L. | $7.50 | $12,083.72 | $7,020.00 | $19,672.73 | $14,609.01 | $4,764.93 | $7,020.00 | $22,321.46 | $24,576.53 | $594.65 | $1,215.00 |
| | | | | | | | | | | | |

**Richard Allen-Total**

| | 2013 Commission Damages | 2013 Actual Damages | 1-2 Years Actual Damages | 1-2 Years Liquidated Damages | 1-2 Years Total Damages |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| Allen, Richard L. | $4,076.63 | $4,696.98 | $43,882.52 | $43,882.52 | $87,765.04 |
| | | | | | |

**Overtime Owed on Commission**

General Formulas
Commission x 12/52=weekly commission amount
weekly commission amount/number of hours per workweek=regular rate for commissions
regular rate for commissions x .5 x OT hours

| Month | Commission Amount | Number of Weeks per year | Weekly Commission Amount | Number of hours worked per workweek | Regular Rate of Pay for Commissions | Overtime Rate | Overtime hours worked | Weekly Overtime due on Commission | Monthly Overtime due on Commission |
|---|---|---|---|---|---|---|---|---|---|
| Jan-11 | | | | | | | | | |
| Feb-11 | $4,691.27 | 52 | $1,082.60 | 52 | $20.82 | 0.5 | 12 | $124.92 | $499.66 |
| Mar-11 | $10,278.66 | 52 | $2,372.00 | 52 | $45.62 | 0.5 | 12 | $273.69 | $1,212.46 |
| Apr-11 | $4,332.10 | 52 | $999.72 | 52 | $19.23 | 0.5 | 12 | $115.35 | $494.86 |
| May-11 | $13,398.51 | 52 | $3,091.96 | 52 | $59.46 | 0.5 | 12 | $356.77 | $1,580.47 |
| Jun-11 | $660.14 | 52 | $152.34 | 52 | $2.93 | 0.5 | 12 | $17.58 | $75.41 |
| Jul-11 | $74.51 | 52 | $17.19 | 52 | $0.33 | 0.5 | 12 | $1.98 | $8.79 |
| Aug-11 | $18,567.88 | 52 | $4,284.90 | 52 | $82.40 | 0.5 | 12 | $494.41 | $2,190.24 |
| Sep-11 | $21,680.25 | 52 | $5,003.13 | 52 | $96.21 | 0.5 | 12 | $577.28 | $2,476.55 |
| Oct-11 | $66,528.15 | 52 | $15,352.65 | 52 | $295.24 | 0.5 | 12 | $1,771.46 | $7,847.57 |
| Nov-11 | $12,957.14 | 52 | $2,990.11 | 52 | $57.50 | 0.5 | 12 | $345.01 | $1,480.10 |
| Dec-11 | $15,315.72 | 52 | $3,534.40 | 52 | $67.97 | 0.5 | 12 | $407.82 | $1,806.62 |
| | | | | | | | **Total Commission OT Owed for 2011** | | **$19,672.73** |
| Jan-12 | $18,457.88 | 52 | $4,259.51 | 52 | $81.91 | 0.5 | 12 | $491.48 | $2,177.27 |
| Feb-12 | $14,060.63 | 52 | $3,244.76 | 52 | $62.40 | 0.5 | 12 | $374.40 | $1,550.00 |
| Mar-12 | $16,835.13 | 52 | $3,885.03 | 52 | $74.71 | 0.5 | 12 | $448.27 | $1,985.85 |
| Apr-12 | $0.00 | 52 | $0.00 | 52 | $0.00 | 0.5 | 12 | $0.00 | $0.00 |
| May-12 | $23,161.17 | 52 | $5,344.89 | 52 | $102.79 | 0.5 | 12 | $616.72 | $2,732.06 |
| Jun-12 | $23,708.95 | 52 | $5,471.30 | 52 | $105.22 | 0.5 | 12 | $631.30 | $2,708.29 |
| Jul-12 | $0.00 | 52 | $0.00 | 52 | $0.00 | 0.5 | 12 | $0.00 | $0.00 |
| Aug-12 | $22,049.62 | 52 | $5,088.37 | 52 | $97.85 | 0.5 | 12 | $587.12 | $2,600.94 |
| Sep-12 | $21,288.40 | 52 | $4,912.71 | 52 | $94.48 | 0.5 | 12 | $566.85 | $2,431.79 |
| Oct-12 | $22,003.61 | 52 | $5,077.76 | 52 | $97.65 | 0.5 | 12 | $585.89 | $2,595.51 |
| Nov-12 | $18,729.41 | 52 | $4,322.17 | 52 | $83.12 | 0.5 | 12 | $498.71 | $2,139.47 |
| Dec-12 | $11,870.90 | 52 | $2,739.44 | 52 | $52.68 | 0.5 | 12 | $316.09 | $1,400.27 |
| | | | | | | | **Total Commission OT Owed for 2012** | | **$22,321.46** |
| Jan-13 | $22,428.38 | 52 | $5,175.78 | 52 | $99.53 | 0.5 | 12 | $597.21 | $2,645.62 |
| Feb-13 | $5,656.88 | 52 | $1,305.43 | 52 | $25.10 | 0.5 | 12 | $150.63 | $602.51 |
| Mar-13 | $6,802.88 | 52 | $1,569.90 | 52 | $30.19 | 0.5 | 12 | $181.14 | $802.46 |
| Apr-13 | $228.00 | 52 | $52.62 | 52 | $1.01 | 0.5 | 12 | $6.07 | $26.04 |
| | | | | | | | **Total Commission OT Owed for 2013** | | **$4,076.63** |

| Month | January | February | March | April | May | June | July | August | September | October | November | December | February 2012 (Leap Year) | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Number of Days | 31 | 28 | 31 | 30 | 31 | 30 | 31 | 31 | 30 | 31 | 30 | 31 | 29 | | |
| Number of Weeks | 4.43 | 4 | 4.43 | 4.29 | 4.43 | 4.29 | 4.43 | 4.43 | 4.29 | 4.43 | 4.29 | 4.43 | 4.14 | | |

**Nancy Chapman**

1/3/2011

| | OTC Start Date | OTC End Date | Consent Date | Begin Date For OTC weeks | End Date For OTC Weeks | OTC Weeks 2011 | OTC Weeks 2012 | OTC Weeks 2013 | OT Hours after April 30, 2010-before Jan. 1, 2011 | OT Hours after Jan. 1, 2011 | 2011 Hourly Pay Rate | 2012 Hourly Pay Rate | 2013 Hourly Pay Rate | 2011 OT paid | 2011 Hourly Damages | 2011 Commission Damages |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Chapman, Nancy | 1/3/2011 | 6/18/2012 | 1/25/2013 | 01/03/2011 | 6/18/2012 | 52.00 | 24.00 | 0.00 | 20.00 | 20 | $7.50 | $7.50 | | $3,075.80 | $11,700.00 | $6,260.64 |

1/1/2011     1/1/2012     1/1/2013

12/31/2011   12/31/2012   12/31/2013

**Nancy Chapman**

| | 2011 Actual Damages | 2012 OT paid | 2012 Hourly Damages | 2012 Commission Damages | 2012 Actual Damages | 1-2 Years Actual Damages | 1-2 Years Liquidated Damages | 1-2 Years Total Damages |
|---|---|---|---|---|---|---|---|---|
| Chapman, Nancy | $14,884.84 | $127.48 | $5,400.00 | $4,851.01 | $10,123.53 | $25,008.37 | $25,008.37 | $50,016.74 |

**Overtime Owed on Commission**

General Formulas
Commission x 12/52=weekly commission amount
weekly commission amount/number of hours per workweek=regular rate for commissions
regular rate for commissions x .5 x OT hours

| Month | Commission Amount | Number of Weeks per year | Weekly Commission Amount | Number of hours worked per workweek | Regular Rate of Pay for Commissions | Overtime rate | Overtime hours worked | Weekly Overtime due on Commission | Monthly Overtime due on Commission |
|---|---|---|---|---|---|---|---|---|---|
| Apr-11 | $5,022.46 | 52 | $1,159.03 | 60 | $19.32 | 0.5 | 20 | $193.17 | $828.71 |
| May-11 | $0.00 | 52 | $0.00 | 60 | $0.00 | 0.5 | 20 | $0.00 | $0.00 |
| Jun-11 | $1,817.23 | 52 | $419.36 | 60 | $6.99 | 0.5 | 20 | $69.89 | $299.84 |
| Jul-11 | $2,607.53 | 52 | $601.74 | 60 | $10.03 | 0.5 | 20 | $100.29 | $444.28 |
| Aug-11 | $1,205.01 | 52 | $278.08 | 60 | $4.63 | 0.5 | 20 | $46.35 | $205.32 |
| Sep-11 | $18,705.45 | 52 | $4,316.64 | 60 | $71.94 | 0.5 | 20 | $719.44 | $3,086.40 |
| Oct-11 | $0.00 | 52 | $0.00 | 60 | $0.00 | 0.5 | 20 | $0.00 | $0.00 |
| Nov-11 | $8,461.18 | 52 | $1,952.58 | 60 | $32.54 | 0.5 | 20 | $325.43 | $1,396.09 |
| Dec-11 | $0.00 | 52 | $0.00 | 60 | $0.00 | 0.5 | 20 | $0.00 | $0.00 |
| | | | | | | | 2011 Total Owed | | $6,260.64 |
| Jan-12 | $5,108.69 | 52 | $1,178.93 | 60 | $19.65 | 0.5 | 20 | $196.49 | $870.44 |
| Feb-12 | $5,229.63 | 52 | $1,206.84 | 60 | $20.11 | 0.5 | 20 | $201.14 | $832.72 |
| Mar-12 | $7,388.84 | 52 | $1,705.12 | 60 | $28.42 | 0.5 | 20 | $284.19 | $1,258.94 |
| Apr-12 | $3,287.12 | 52 | $758.57 | 60 | $12.64 | 0.5 | 20 | $126.43 | $542.37 |
| May-12 | $6,493.34 | 52 | $1,498.46 | 60 | $24.97 | 0.5 | 20 | $249.74 | $1,106.37 |
| Jun-12 | $1,455.57 | 52 | $335.90 | 60 | $5.60 | 0.5 | 20 | $55.98 | $240.17 |
| | | | | | | | 2012 Total Owed | | $4,851.01 |

| Month | January | February | March | April | May | June | July | August | September | October | November | December | February 2012 (Leap Year) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Number of Days | 31 | 28 | 31 | 30 | 31 | 30 | 31 | 31 | 30 | 31 | 30 | 31 | 29 |
| Number of Weeks | 4.43 | 4 | 4.43 | 4.29 | 4.43 | 4.29 | 4.43 | 4.43 | 4.29 | 4.43 | 4.29 | 4.43 | 4.14 |

**Anthony Cordova-**                                                          1/3/2011

| | OTC Start Date | OTC End Date | Consent Date | Begin Date For OTC weeks | End Date For OTC Weeks | OTC Weeks 2011 | OTC Weeks 2012 | OTC Weeks 2013 | OT Hours after April 30, 2010- before Jan.1, 2011 | OT Hours after Jan. 3, 2011- December 31, 2011 | OT Hours i |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Cordova, Anthony | 1/3/2011 | 11/1/2013 | 8/13/2013 | 01/03/2011 | 11/18/2013 | 52.00 | 52.00 | 46.00 | 10.00 | 10.00 | 2 |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

1/1/2011      1/1/2012      1/1/2013

12/31/2011   12/31/2012   12/31/2013

**Anthony Cordova-1**

| | 2011 Hourly Pay Rate | 2012 Hourly Pay Rate | 2013 Hourly Pay Rate | 2010 Damages | 2011 OT paid | 2011 Hourly Damages | 2011 Commission Damages | 2011 Actual Damages | 2012 OT paid | 2012 Hourly Damages | 2012 Commission Damages |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Cordova, Anthony | $7.50 | $7.50 | $7.50 | $3,621.84 | $1,169.97 | $5,850.00 | $3,167.66 | $7,847.69 | $0.00 | $1,170.00 | $378.58 |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

**Anthony Cordova-**

| | 2012 Actual Damages | 2013 OT paid | 2013 Hourly Damages | 2013 Commission Damages | 2013 Actual Damages | 1-2 Years Actual Damages | 1-2 Years Liquidated Damages | 1-2 Years Total Damages |
|---|---|---|---|---|---|---|---|---|
| Cordova, Anthony | $1,548.58 | $68.77 | $1,035.00 | $104.60 | $1,070.83 | $10,467.10 | $10,467.10 | $20,934.20 |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| | |
|---|---|
| **1-2 YearsTotal Class Damages** | **$20,934.20** |

Cordova

**Overtime Owed on Commission**

Commission x 12/52=weekly commission amount
weekly commission amount/number of hours per workweek=regular rate for commissions
regular rate for commissions x .5 x OT hours

| Month | Commission Amount | Number of Weeks per year | Weekly Commission Amount | Number of hours worked per workweek | Regular Rate of Pay for Commissions | overtime rate | Overtime hours worked | Weekly Overtime due on Commission | Monthly Overtime due on Commission |
|---|---|---|---|---|---|---|---|---|---|
| Jan-11 | | | | | | | | | |
| Feb-11 | $315.79 | 52 | $72.87 | 50 | $1.46 | 0.5 | 10 | $7.29 | $32.28 |
| Mar-11 | $0.00 | 52 | $0.00 | 50 | $0.00 | 0.5 | 10 | $0.00 | $0.00 |
| Apr-11 | $0.00 | 52 | $0.00 | 50 | $0.00 | 0.5 | 10 | $0.00 | $0.00 |
| May-11 | $1,955.88 | 52 | $451.36 | 50 | $9.03 | 0.5 | 10 | $45.14 | $199.95 |
| Jun-11 | $0.00 | 52 | $0.00 | 50 | $0.00 | 0.5 | 10 | $0.00 | $0.00 |
| Jul-11 | $0.00 | 52 | $0.00 | 50 | $0.00 | 0.5 | 10 | $0.00 | $0.00 |
| Aug-11 | $1,263.46 | 52 | $291.57 | 50 | $5.83 | 0.5 | 10 | $29.16 | $129.16 |
| Sep-11 | $8,362.31 | 52 | $1,929.76 | 50 | $38.60 | 0.5 | 10 | $192.98 | $827.87 |
| Oct-11 | $6,649.62 | 52 | $1,534.53 | 50 | $30.69 | 0.5 | 10 | $153.45 | $679.80 |
| Nov-11 | $7,584.38 | 52 | $1,750.24 | 50 | $35.00 | 0.5 | 10 | $175.02 | $750.85 |
| Dec-11 | $5,357.91 | 52 | $1,236.44 | 50 | $24.73 | 0.5 | 10 | $123.64 | $547.74 |
| | | | | | | | 2011 Total | | $3,167.66 |
| Jan-12 | **$1,500.00** | 52 | $346.15 | 42 | $8.24 | 0.5 | 2 | $8.24 | $36.51 |
| Feb-12 | $596.56 | 52 | $137.67 | 42 | $3.28 | 0.5 | 2 | $3.28 | $13.73 |
| Mar-12 | $6,807.02 | 52 | $1,570.85 | 42 | $37.40 | 0.5 | 2 | $37.40 | $165.69 |
| Apr-12 | $0.00 | 52 | $0.00 | 42 | $0.00 | 0.5 | 2 | $0.00 | $0.00 |
| May-12 | $0.00 | 52 | $0.00 | 42 | $0.00 | 0.5 | 2 | $0.00 | $0.00 |
| Jun-12 | $2,076.00 | 52 | $479.08 | 42 | $11.41 | 0.5 | 2 | $11.41 | $48.93 |
| Jul-12 | $3,520.29 | 52 | $812.37 | 42 | $19.34 | 0.5 | 2 | $19.34 | $85.69 |
| Aug-12 | $850.00 | 52 | $196.15 | 42 | $4.67 | 0.5 | 2 | $4.67 | $20.69 |
| Sep-12 | $0.00 | 52 | $0.00 | 42 | $0.00 | 0.5 | 2 | $0.00 | $0.00 |
| Oct-12 | $300.00 | 52 | $69.23 | 42 | $1.65 | 0.5 | 2 | $1.65 | $7.30 |
| Nov-12 | $0.00 | 52 | $0.00 | 42 | $0.00 | 0.5 | 2 | $0.00 | $0.00 |
| Dec-12 | $0.00 | 52 | $0.00 | 42 | $0.00 | 0.5 | 2 | $0.00 | $0.00 |
| | | | | | | | 2012 Total | | $378.54 |
| Jan-13 | $0.00 | 52 | $0.00 | 42 | $0.00 | 0.5 | 2 | $0.00 | $0.00 |
| Feb-13 | $0.00 | 52 | $0.00 | 42 | $0.00 | 0.5 | 2 | $0.00 | $0.00 |
| Mar-13 | **$0.00** | 52 | $0.00 | 42 | $0.00 | 0.5 | 2 | $0.00 | $0.00 |
| Apr-13 | $453.55 | 52 | $104.67 | 42 | $2.49 | 0.5 | 2 | $2.49 | $10.69 |
| May-13 | $0.00 | 52 | $0.00 | 42 | $0.00 | 0.5 | 2 | $0.00 | $0.00 |
| Jun-13 | $0.00 | 52 | $0.00 | 42 | $0.00 | 0.5 | 2 | $0.00 | $0.00 |
| Jul-13 | $3,858.10 | 52 | $890.33 | 42 | $21.20 | 0.5 | 2 | $21.20 | $93.91 |
| Aug-13 | $0.00 | 52 | $0.00 | 42 | $0.00 | 0.5 | 2 | $0.00 | $0.00 |
| Sep-13 | $0.00 | 52 | $0.00 | 42 | $0.00 | 0.5 | 2 | $0.00 | $0.00 |
| Oct-13 | $0.00 | 52 | $0.00 | 42 | $0.00 | 0.5 | 2 | $0.00 | $0.00 |
| | | | | | | | 2013 Total | | $104.60 |

| Month | January | February | March | April | May | June | July | August | September | October | November | December | February 2012 (Leap Year) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Number of Days | 31 | 28 | 31 | 30 | 31 | 30 | 31 | 31 | 30 | 31 | 30 | 31 | 29 |
| Number of Weeks | 4.43 | 4 | 4.43 | 4.29 | 4.43 | 4.29 | 4.43 | 4.43 | 4.29 | 4.43 | 4.29 | 4.43 | 4.14 |

**Beverly Holland**                                                    1/3/2011

| | OTC Start Date | OTC End Date | Consent Date | Begin Date For OTC weeks | End Date For OTC Weeks | OTC Weeks 2011 | OTC Weeks 2012 | OTC Weeks 2013 | OT Hours after April 30, 2010-before Jan.1, 2011 | OT Hours after Jan. 1, 2011 | 2011 Hourly Pay Rate | 2012 Hourly Pay Rate |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Holland, Beverly | 1/3/2011 | 6/24/2011 | 2/8/2013 | 01/03/2011 | 6/24/2011 | 25.00 | 0.00 | 0.00 | 13.00 | 13 | $7.50 | |

|  |  |  |
|---|---|---|
| 1/1/2011 | 1/1/2012 | 1/1/2013 |
| 12/31/2011 | 12/31/2012 | 12/31/2013 |

**Beverly Holland**

| | 2013 Hourly Pay Rate | 2011 OT paid | 2011 Hourly Damages | 2011 Commission Damages | 2011 Actual Damages | 1-2 Years Actual Damages | 1-2 Years Liquidated Damages | 1-2 Years Total Damages |
|---|---|---|---|---|---|---|---|---|
| Holland, Beverly | | $2,580.46 | $3,656.25 | $533.17 | $1,608.96 | $1,608.96 | $1,608.96 | $3,217.91 |
| | | | | | | | 1-2 YearsTotal Class Damages | $3,217.91 |

**Beverly Holland OTC OT Owed on Commissions**

**Commission OT**

Commission x 12/52=weekly commission amount
weekly commission amount/number of hours per workweek=regular rate for commissions
regular rate for commissions x .5 x OT hours

| Month | Commission Amount | Number of Weeks per year | Weekly Commission Amount | Number of hours worked per workweek | Regular Rate of Pay for Commissions | overtime rate | Overtime hours worked | Weekly Overtime due on Commission | Monthly Overtime due on Commission |
|---|---|---|---|---|---|---|---|---|---|
| Jan-11 | $2,989.47 | 52 | $689.88 | 53 | $13.02 | 0.5 | 13 | $84.61 | $0.00 |
| Feb-11 | $4,621.69 | 52 | $1,066.54 | 53 | $20.12 | 0.5 | 13 | $130.80 | $523.21 |
| Mar-11 | $0.00 | 52 | $0.00 | 53 | $0.00 | 0.5 | 13 | $0.00 | |
| Apr-11 | $0.00 | 52 | $0.00 | 53 | $0.00 | 0.5 | 13 | $0.00 | |
| May-11 | $79.41 | 52 | $18.33 | 53 | $0.35 | 0.5 | 13 | $2.25 | $9.96 |
| Jun-11 | $0.00 | 52 | $0.00 | 53 | $0.00 | 0.5 | 13 | $0.00 | |
| Jul-11 | $0.00 | 52 | $0.00 | 53 | $0.00 | 0.5 | 13 | $0.00 | |
| | **$7,690.57** | | | | | | | | |
| | | | | | | | | Total Owed on Commission | **$533.17** |

| Jan | Feb | March | April | May | June | July | Aug | Sept | Oct |
|---|---|---|---|---|---|---|---|---|---|
| 31 | 28 | 31 | 30 | 31 | 30 | 31 | 31 | 30 | 31 |
| 4.43 | 4 | 4.43 | 4.29 | 4.43 | 4.29 | 4.43 | 4.43 | 4.29 | 4.43 |

| Nov | Dec |
|------|------|
| 30 | 31 |
| 4.29 | 4.43 |

**Yancey Langley-Total Overtime Owed**

| | Misclass Start Date | Misclass End Date | OTC Start Date | OTC End Date | 3 year look back | Consent Date | Begin Date For Misclassifica tion weeks | End Date For Misclassifica tion weeks | Begin Date For OTC weeks | End Date For OTC Weeks | Misclassification weeks (through Jan 2, 2011) | OTC Weeks 2011 | OTC Weeks 2012 | OTC Weeks 2013 | OT Hours per week after April 30, 2010-before Jan.1, 2011 | OT Hours per week after Jan. 1, 2011 | 2010 Annual Pay | 2010 Weekly Pay | 2010 Hourly Pay Rate | 2011 Hourly Pay Rate | 2010 Damages | 2011 OT paid | 2011 Hourly Damages | 2011 Commission Damages | 2011 Actual Damages | 1-2 Years Actual Damages | 1-2 Years Liquidated Damages | 1-2 Years Total Damages | 1-3 Years Actual Damages | 1-3 Years Liquidated Damages | 1-3 Years Total Damages |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Langley, Yancey Y. | 02/29/2008 | 01/02/2011 | 1/3/2011 | 7/6/2011 | 01/25/2010 | 1/25/2013 | 01/25/2010 | 01/02/2011 | 01/03/2011 | #REF! | 48.96 | #REF! | #REF! | #REF! | 15.00 | 15 | $87,087.05 | $1,674.75 | $30.45 | $7.50 | $11,181.25 | $1,685.07 | #REF! | $2,370.16 | #REF! | #REF! | #REF! | #REF! | #REF! | #REF! | #REF! |

1/2/2011   1/3/2011

1/1/2011   1/1/2012   1/1/2013

**Overtime Owed on Commission**

Commission x 12/52=weekly commission amount
weekly commission amount/number of hours per workweek=regular rate for commissions
regular rate for commissions x .5 x OT hours

| Month | Commission Amount | Number of Weeks per year | Weekly Commission Amount | Number of hours worked per workweek | Regular Rate of Pay for Commissions | Overtime rate | Overtime hours worked | Weekly Overtime due on Commission | Monthly Overtime due on Commission |
|---|---|---|---|---|---|---|---|---|---|
| Feb-11 | $3,747.19 | 52 | $864.74 | 55 | $15.72 | 0.5 | 15 | $117.92 | $471.68 |
| Mar-11 | $77.86 | 52 | $17.97 | 55 | $0.33 | 0.5 | 15 | $2.45 | $10.86 |
| Apr-11 | $10,093.63 | 52 | $2,329.30 | 55 | $42.35 | 0.5 | 15 | $317.63 | $1,362.64 |
| May-11 | $441.26 | 52 | $101.83 | 55 | $1.85 | 0.5 | 15 | $13.89 | $61.51 |
| Jun-11 | $1,755.39 | 52 | $405.09 | 55 | $7.37 | 0.5 | 15 | $55.24 | $236.98 |
| Jul-11 | $1,624.68 | 52 | $374.93 | 55 | $6.82 | 0.5 | 15 | $51.13 | $226.49 |
| | | | | | | | | Total 2011 Commissions Due | $2,370.16 |

| Month | January | February | March | April | May | June | July |
|---|---|---|---|---|---|---|---|
| Number of Days | 31 | 28 | 31 | 30 | 31 | 30 | 31 |
| Number of Weeks | 4.43 | 4 | 4.43 | 4.29 | 4.43 | 4.29 | 4.43 |